SAMUEL J. NOTARO, Appellant and Cross–Respondent, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent and Cross–Appellant.

No. 6824

July 7, 1972 . 498 P.2d 1351

*Raymond E. Sutton,* of Las Vegas, for Appellant and Cross-Respondent.

*Robert List,* Attorney General, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy, Clark County, for Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

Two separate criminal proceedings were brought against the appellant, each charging him with possession of dangerous drugs in violation of NRS 454.395. After a preliminary examination had been held on each of the charges the appellant was bound over to the district court for trial in each case. The appellant petitioned for a writ of habeas corpus seeking his release on each of the separate charges. The district court rendered its written decision on the writ application on October 29, 1971, with reference to one of the cases, and on November 10, 1971, the court entered its order discharging the appellant from restraint and exonerating his bond in that case. On December 17, 1971, the court entered its order denying the writ in the other case. The appellant filed his notice of appeal on December 20, 1971. The state filed its notice of appeal on January 5, 1972.

In its written decision rendered on October 29, 1971, the district court made reference to the preliminary hearing transcript in at least two instances. The order of November 10, 1971, discharging the appellant in one of the cases, and the order of December 17, 1971, denying habeas in the other case, both refer to the court's written decision rendered on October 29, 1971, which contained references to the preliminary hearing transcript. Yet neither the appellant nor the state in its cross-appeal have caused a copy of that transcript to be docketed here. As a result we have before us less than the complete record of the proceedings below, and no part of the preliminary examination transcript upon which the district court's orders placed at least some degree of reliance. A meaningful appellate review of the order denying habeas is thus precluded, and that order is therefore affirmed.

With respect to the state's cross-appeal, the order discharging the appellant from restraint was entered on November 10,

1971, and filed on that same date. The state's notice of appeal not having been filed until January 5, 1972, the appeal is not timely. NRS 34.380(4). The cross-appeal is therefore dismissed for want of appellate jurisdiction.